UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.              ) | CRIMINAL NO. 04-111-P-H |
| ) | |
| MARK J. SOUSA,      ) | |
| ) | |
| DEFENDANT    ) | |

**ORDER ON MOTION TO RECONSIDER AND RENEWED MOTION TO DISMISS**

In light of additional documents the defendant recently has obtained, the government does not object to reconsideration of my February 7, 2005, denial of the defendant's motion to dismiss. I therefore GRANT the motion to reconsider. However, I DENY the defendant's renewed motion to dismiss and I DENY the defendant's motion to withdraw his guilty plea.

In relevant summary, the newly-provided documents demonstrate that the Somerville, Massachusetts, Police Department issued the defendant a license to carry firearms in 1988; that in the same year the defendant was convicted in Ellsworth, Maine, for Threatening Display of a Concealed Weapon and Carrying a Concealed Weapon and that the Somerville Police Department subsequently revoked his license; that in 1989 he was convicted in Cambridge, Massachusetts of (among other things) carrying a dangerous weapon but the weapon was not seized; and that in 1990 his Firearms Identification Card (which apparently had been issued in 1983) was revoked and he was instructed to turn in all firearms and ammunition in his possession.

The defendant therefore renews his argument that I should follow the lead of

Massachusetts authorities and treat his previous Massachusetts 1977 convictions for assault with a dangerous weapon as misdemeanors, not felonies, thereby disqualifying them as predicate offenses. He argues that if Massachusetts authorities had treated them as felonies, they would never have granted him the license or firearms identification card, that his weapon would have been seized, etc.

I rejected a similar argument previously (in denying the motion to dismiss) when it was based upon what a Massachusetts state district judge did in a 1990 conviction. As I observed then, I could not ascertain what the Massachusetts judge knew about the 1977 convictions and, regardless, a mistake by the Massachusetts judge in 1990 would not change the proper analysis now of the effect of the 1977 convictions. The same two conclusions apply to the new documentation concerning police treatment. First, there is no affirmative showing that the police authorities in question were aware of the 1977 convictions.[1] Second, even if they were aware, my decision is based on an independent analysis of the effect of the 1977 convictions and is not altered by any later misapprehension by Massachusetts (or Maine) police authorities.

There is no viable entrapment by estoppel defense here. First, the defendant has shown no affirmative misstatements by federal authorities, the prosecuting government in this case. See United States v. Caron, 64 F.3d 713, 717 (1st Cir. 1995). Second, any reliance by the defendant was not reasonable: according to the records submitted by the defendant, he did not disclose his 1977 convictions to

---

[1] In fact, on the application for a firearms license, dated June 15, 1988, although the defendant responded "yes" to the question, "Have you ever been convicted of any offense against the law, or are you now under charges for any offense against the law?", when asked to "give date(s), list offenses and disposition of charges," the only information he gave was "1985 DWI program."

police authorities.

There is therefore no reason to permit the defendant to withdraw his conditional guilty plea. I do not find the short allusion to his wife's tragic illness to be sufficient. The defendant apparently learned of her diagnosis the day I ruled on the government's motion in limine. He entered his conditional plea four days later on February 7, 2005. At the time, I conducted an extensive Rule 11 colloquy and there was nothing to suggest that his conditional guilty plea was anything but voluntary.

I previously allowed postponement of sentencing pending further medical information on the defendant's wife's terminal illness. The lawyers shall confer and notify the clerk's office concerning their positions about scheduling sentencing.

**SO ORDERED.**

**DATED THIS 11TH DAY OF AUGUST, 2005**

/s/ D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

**U.S. District Court**
**District of Maine (Portland)**
**Criminal Docket For Case #: 04cr133**

| | | |
|---|---|---|
| **United States of America** | Represented By | Richard W. Murphy<br>Office Of The U.S. Attorney<br>District Of Maine<br>P.O. Box 9718<br>Portland, ME  04104-5018<br>(207) 780-3257<br>email: rick.murphy@usdoj.gov |
| v. | | |
| **Mark J. Sousa,**<br><br>   Defendant | Represented By | John S. Webb<br>Nichols & Webb, P.A.<br>110 Main Street, Suite 1520<br>Saco, ME 04072<br>(207) 283-6400<br>Email: jwebb@nicholswebb.com |